UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DION ERIC SAVAGE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN OF FCI PEKIN, )<br>)<br>Respondent. ) | Case No. 1:20-cv-1181 |

## ORDER & OPINION

Before the Court is Petitioner Dion Eric Savage's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2441 (doc. 1) supplemented by the Emergency Request for Expedited Ruling on "Home Confinement" Motion Due to the COVID-19 Pandemic (doc. 2). At the Court's direction, the Government has responded (doc. 5), and Petitioner has replied (doc. 6). This matter is ripe for review. For the following reasons, the Petition is dismissed.

### BACKGROUND

In July 1997, a jury convicted Petitioner Dion Eric Savage of engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848, conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Petitioner was sentenced to life imprisonment for the CCE count and 10 years' imprisonment for the narcotics trafficking count, to run concurrently, while his sentencing on the firearm count was held in abeyance.

Petitioner has a long history of filing motions to reduce his sentence. On direct appeal, Petitioner challenged his conspiracy charge and the Sixth Circuit set it aside as a part of the CCE charge. In a timely-filed initial motion pursuant to 28 U.S.C. § 2255, Petitioner's firearm sentence was vacated. Petitioner then repeatedly attempted to file successive § 2255 motions and was denied relief by the Sixth Circuit.

Petitioner's instant motion is premised on the COVID-19 pandemic, and he purports to seek home confinement pursuant to 28 U.S.C. § 2241. Petitioner wishes to live with his son, or in the alternative, with his daughter; both live in Michigan.

## LEGAL STANDARD

A federal court may grant a writ of habeas corpus only if a detainee "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a). A petition under § 2241 is appropriate when the petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Seventh Circuit has repeatedly held challenges of the conditions of confinement will generally not be considered under § 2241. *See, e.g.*, *Robinson v. Sherrod*, 631 F.3d 839, 840–841 (7th Cir. 2011) (recognizing the "long-standing view that habeas corpus is not a permissible route for challenging prison conditions" that do not bear on the duration of confinement); *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) (holding because "release from custody is not an option" for a claim alleging "medical treatment amounts to cruel and unusual punishment" in violation of the Eighth Amendment, it cannot be addressed under § 2241).

## DISCUSSION

COVID-19 presents a significant danger, as "those who contract the virus may be asymptomatic for days or even for the entire duration of the infection but can still transmit the virus to others, making it more challenging to readily identify infected individuals and respond with necessary precautions." *Mays v. Dart*, No. 20 C 2134, 2020 WL 1987007, at *2 (N.D. Ill. Apr. 27, 2020). In response to the pandemic, the Bureau of Prisons (BOP) has taken steps to protect the health of inmates and staff; this includes, where determined suitable by BOP, the transfer of inmates to home confinement pursuant to 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541. The issue at bar, arising from the pandemic, is whether Petitioner can challenge the conditions of his confinement under § 2241 by seeking home confinement due to the ongoing pandemic.

Petitioner argues FCI Pekin has failed to test for COVID-19 or enact precautionary measures to prevent its spread. (Doc. 1 at 3). Petitioner then outlines how he meets the criteria in the CARES Act of 2020 for home confinement. (Doc. 1 at 4–5). Petitioner argues *Livas v. Myers*, ___ F. Supp. 3d ___, No. 2:20-cv-00422, 2020 WL 1939583, at *6 (W.D. La. Apr. 22, 2020), and *Wilson v. Williams,* ___ F. Supp. 3d ___, No. 4:20-cv-00794, 2020 WL 1940882, at *5–6 (N.D. Ohio Apr. 22, 2020), should guide the Court's decision; he maintains both decisions suggest § 2241 permits the relief he seeks. (Doc. 1 at 2). Between the initial petition and the Reply, the Sixth Circuit vacated the Northern District of Ohio's opinion; Petitioner therefore relies

upon the Sixth Circuit opinion in his Reply, which he maintains also supports his request for relief. (Doc. 6 at 2–5).

However, the Government contends Petitioner is not eligible for relief because: (1) § 2241 is not the proper vehicle for challenging conditions of confinement, (2) Petitioner has failed to exhaust his administrative remedies, (3) BOP's decision to deny home confinement is not reviewable by this Court, (4) Petitioner is not entitled to home confinement, and (5) any motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) must be filed with the sentencing court. (Doc. 5 at 15–27). The Government emphasizes Seventh Circuit precedent holds § 2241 is not an appropriate route to challenge conditions of confinement. (Doc. 5 at 15).

The Seventh Circuit has indeed repeatedly held a writ of habeas corpus is appropriate only when the petitioner is challenging the fact or duration of confinement. *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Thus, a prisoner cannot challenge the conditions of their confinement through habeas corpus. *See Robinson v. Sherrod*, 631 F.3d 839, 840 (7th Cir. 2011); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). While COVID-19 has created new challenges, a request for home confinement does not attack the duration or fact of confinement, only a condition (its location), making § 2241 an improper route. *See Pischke v. Litscher*, 178 F.3d 497, 499–500 (7th Cir. 1999); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995). Where the petitioner is seeking only a change in location of confinement and does not

challenge the legality or duration of their confinement, the § 2241 claim must be dismissed. *Pischke*, 178 F.3d at 500.

Consequently, Petitioner's claim cannot properly be brought under § 2241 because he challenges the conditions of his confinement, *i.e.*, its location. 28 U.S.C. § 2241(c)(3); *Robinson*, 631 F.3d at 840–41. In *Maday v. Fluke*, No. 20-CV-343, 2020 WL 2769486, at *1 (W.D. Wis. May 28, 2020), the court held where a petitioner, who suffered from underlying health issues, alleged the prison was not enacting adequate safety measures against COVID-19, the § 2241 claim must be dismissed because the petitioner did not challenge the lawfulness of the sentence. The Court agrees with the Western District of Wisconsin's conclusion which bars Petitioner's challenge as directed to the conditions of confinement. *Glaus*, 408 F.3d at 387.

The cases put forth by Petitioner do not convince the Court otherwise. To start, his reliance on *Livas* is wholly misplaced. There, the court found § 2241 was not a proper vehicle for relief on a similar claim because the imprisonment was not unlawful. *Livas*, ___ F. Supp. 3d ___, No. 2:20-cv-00422, 2020 WL 1939583, at *6 (W.D. La. Apr. 22, 2020) ("Petitioners do not and cannot contend that their imprisonment or custody itself is unlawful; they are all convicted of certain crimes, were properly sentenced to serve terms of imprisonment . . . ."). To the extent the Court would rely upon this decision, it would be to reject Petitioner's claims.

*Wilson*, by contrast, is facially supportive of Petitioner's position. Although the court in *Wilson* found the petitioner's claim under § 2241 was cognizable, the Sixth Circuit clarified this was because all conditions of confinement were being challenged;

5

thus, the petitioner was seeking release. *Wilson v. Williams*, 961 F.3d 829, 835 (6th Cir. 2020). Under Sixth Circuit precedent, "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement," and this remedy of release, is "the heart of habeas corpus." *Id*. (quoting *Preiser*, 411 U.S. at 498).

This does not aid Petitioner because the Sixth and Seventh Circuits have split on the availability of § 2241 relief for conditions of confinement. In *Preiser*, the Supreme Court held a deprivation of good-time credits was cognizable under § 2241 because it fell within the traditional ambit of habeas: challenging the fact or duration of confinement. *Preiser*, 411 U.S. at 487. However, the Court left open the question of what qualifies as a condition of confinement, distinct from the fact or duration of the sentence. *Id*. at 484–85. The circuit courts have disagreed on this open question, with some holding certain challenges to prison conditions effectively challenge the legality of the sentence while others holding habeas review is only available to challenge the fact or duration of the sentence. *Robinson*, 631 F.3d at 840; *Spencer v. Haynes*, 774 F.3d 467, 470–71 (8th Cir. 2014). The Sixth Circuit has held where no set of conditions would be constitutionally sufficient, habeas is appropriate because the claim challenges the fact or extent, not the conditions, of the confinement since it necessitates release, falling on one side of the circuit split. *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *Terrell v. United States*, 564 F.3d 442, 446−48 (6th Cir. 2009). But the Seventh Circuit is on the other side of the split; such claims fail under

*Glaus* and therefore are not cognizable on habeas. This Court is bound to follow the Seventh Circuit.

The circuit split is not the only issue; even if the Court was not bound by Seventh Circuit precedent, Petitioner's claim is unlike that in *Wilson*. In *Wilson*, the petitioners argued there are no conditions of confinement that could be constitutional. 961 F.3d at 837–38. Petitioner has made no such allegation. (Docs. 1; 6). Indeed, Petitioner states home confinement would be sufficient (doc. 1 at 5); he also contends he has not been provided with disinfectant and there is no current testing, which indicates there are sufficient safety measures available but not currently in place (doc. 6 at 2–3). Thus, even under Sixth Circuit precedent, Petitioner's claim would not be a permissible subject for a § 2241 petition.

The Court must dismiss Petitioner's § 2241 petition; it challenges the conditions of confinement, and the Seventh Circuit has concluded such challenges are not cognizable under § 2241.

## Conclusion

Dion Eric Savage's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2441 (doc. 1) supplemented by the Emergency Request for Expedited Ruling on "Home Confinement" Motion Due to the COVID-19 Pandemic (doc. 2) is DISMISSED. SO ORDERED.

Entered this 20th day of July 2020.

                                            s/ Joe B. McDade
                                          JOE BILLY McDADE
                                  United States Senior District Judge